## 43897. DANIEL v. BARROW et al.
(348 SE2d 649)

PER CURIAM.

The appellant, Graham F. Daniel, Jr., and the appellee, John J. Barrow, are seeking a seat in the Georgia State House of Representatives for 68th House District. They, along with other candidates, were involved in a primary on August 12, 1986. Daniel contested the results of the election, and Barrow filed a counterclaim in which he also contested the results.

We find that all the parties to this case are legally before us, and we affirm the trial court's holding that there should be a runoff election between Daniel and Barrow.

1. The trial court's findings in part are as follows: "[T]he Board

of Elections certified the results of the election in dispute as follows; 1407 votes for Lawton E. Stephens, 1082 votes for John J. Barrow, 1090 votes for Graham F. Daniel, Jr., 1013 votes for Marguerite Holmes and 272 votes for Ronald W. Schoeffler. The result is an eight vote difference between Graham F. Daniel, Jr. and John J. Barrow.

"Discrepancies stipulated as occurring at polling places can be summarized as follows: five voters eligible to vote in the 68th Legislative District were excluded from voting in that race and directed instead to voting machines for another Legislative District, where these candidates were not on the ballot; seven voters not eligible to vote in the 68th Legislative District were allowed to vote in the 68th Legislative District.

"The Court finds several discrepancies not stipulated, to wit: one absentee ballot counted for Graham F. Daniel was signed by the voter; one absentee ballot counted for Graham F. Daniel, Jr. was so marked as to be considered ambiguous; two separate voting machines registered partial votes that were counted for Daniel as the next higher whole vote."

We find, in the words of the trial court, that, "The totality of the evidence is such that it places in doubt the outcome of the election that determines the candidate with the second highest number of votes."

2. We agree with the trial court that Stephens received the highest number of votes and that the discrepancies would not have had an effect on his first place position. And we also agree that the discrepancies made it impossible to determine whether Daniel or Barrow was the second place winner.

The trial court was correct in relying on OCGA § 21-2-527 (d) and ordering a runoff between Daniel and Barrow who were obviously the only two candidates the discrepancies affected.

*Judgment affirmed. All the Justices concur except Smith and Gregory, JJ., who dissent as to Division 2, Weltner, J., who dissents as to Division 1 and Bell, J., who dissents.*

SMITH, Justice, dissenting.

I agree that doubt was cast on the election due to the irregularities found, but I cannot agree with the court's interpretation of OCGA § 21-2-527 or that the proper remedy for such irregularities is a runoff between Daniel and Barrow.

An election is either valid or invalid. Once this court found irregularities "sufficient to change or place in doubt the result[s]" of the election, as to any party or parties therein, it should have ordered a new election. *Stiles v. Earnest*, 252 Ga. 260, 262 (312 SE2d 337) (1984).

Certainly Marguerite Holmes who received 1013 votes must agree

that she should not be left out of the runoff. As close as she was to Daniel (1090 votes) and Barrow (1082 votes), if the voters who originally voted for Lawton E. Stephens cast their votes for Holmes she could be in the runoff. If those who voted for Ronald W. Schoeffler (272 votes) cast their votes for Holmes, she could also possibly be in the runoff.

It also appears that if the Stephens supporters got together and decided whether Daniel or Barrow would be the easiest to defeat, they could place all their votes for the candidate they perceive to be the weakest opponent, and thus assure the election for their candidate. "One man, one vote" has long been a fundamental principle underlying our democratic system of government. This opinion effectively changes the principle to "One man, one vote, except for those who voted for Stephens."

The original votes for Stephens stand, while no others count. Those casting votes for Stephens now get an extra vote. This is a frustration of the free choice of the electorate, and casts a doubt over the entire primary.

OCGA § 21-2-527 states that such doubt, when so cast upon an entire election, requires a court to "declare the primary . . . to be invalid," and states that in such a case, the court "shall call a second primary . . . to fill such nomination or office." This statute leaves no room for judicial creation of novel remedies. I would invalidate this election and order a new election with all candidates participating.

I am authorized to state that Justice Gregory joins in this dissent.

DECIDED OCTOBER 8, 1986.

*Erwin, Epting, Gibson & McLeod, Andrew H. Marshall,* for appellant.

*Hudson & Montgomery, David R. Montgomery, Blasingame, Burch, Garrard & Bryant, E. Davison Burch, William D. Harvard, Milner S. Ball, Fortson, Bentley & Griffin, Robert N. Elkins,* for appellees.

*Michael J. Bowers, Attorney General, H. Jeff Lanier, Assistant Attorney General, Janice M. Thurmond,* amici curiae.